## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

SKYE ROBERTSON                          CASE NO.  6:22-CV-01442

VERSUS                                  JUDGE DAVID C. JOSEPH

BUZRUKHUJA TOSHHUJAEV ET AL             MAGISTRATE JUDGE DAVID J. AYO

### REPORT AND RECOMMENDATION

Before the Court is a motion to remand filed by Plaintiff Skye Robertson.  (Rec. Doc. 8). Defendant Progressive Casualty Insurance Co. ("Progressive") opposes the motion. (Rec. Doc. 11). Robertson timely filed a reply brief.  (Rec. Doc. 12).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the motion be GRANTED.

Robertson was involved in a motor vehicle accident on April 13, 2021 in which he claims he was struck from behind by a tractor-trailer owned by Diamond Cargo, Inc. ("Diamond") and driven by Buzrukhuja Toshhujaev ("Toshhujaev").  (Rec. Doc. 1-3 at ¶ 3).  Robertson filed suit on April 8, 2022 in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, naming as defendants Diamond, Toshhujaev, and Progressive (as insurer of the tractor-trailer).  (*Id.*, generally).  Robertson served Diamond and Toshhujaev pursuant to the Louisiana Long Arm Statute, La. R.S. 13:3204, by mailing them a copy of the Citation and Petition via United States Postal Service certified mail.  (Rec. Doc. 1-3 at 12-17).  Robertson served Progressive via statutory agent Monica Randazzo McShan on or about April 28, 2022.  (Rec. Doc. 1-4).

Progressive filed its Notice of Removal on May 27, 2022, alleging that neither Diamond nor Toshhujeav had been served as of that date and, for that reason, were not required to consent to removal under 28 U.S.C. §1446. (Rec. Doc 1 at 2-3). Robertson filed the instant Motion to Remand on June 13, 2022, seeking remand based on the rule of unanimity contained in 28 U.S.C. § 1446(b)(2)(C). (Rec. Doc. 8).

28 U.S.C. § 1446 permits removal of a suit from state court to federal district court within 30 days after service of summons on the defendant. Where multiple defendants are named, the 30-day period runs from the date of service on the first defendant. All served defendants must then file written consent to removal within 30 days from service on the first defendant. *Getty Oil Corp., v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988) (internal citations omitted).

The record in this case demonstrates that no consent to removal was filed by Diamond and Toshhujaev within the 30-day window following service on Progressive. Instead, counsel for Progressive asserts in the Notice of Removal that "Diamond…and/or…Toshhujaev will be represented by undersigned counsel, and consent to the filing of the instant removal." (Rec. Doc. 1 at 3). As of the date of issuance of this Report and Recommendation, no consent is yet filed on behalf of Diamond or Toshhujaev and, strikingly, counsel for Progressive has not enrolled or filed any responsive pleadings on either co-defendant's behalf.

Progressive's opposition to Robertson's motion bears dissection. Progressive's counsel represents he was "assigned the defense of all three defendants on April 29, 2022." (Rec. Doc. 11 at p. 3). Counsel then argues that his "sworn statement…subject to Rule 11, and contained in a verified removal, clearly constitut[ed] the type of written consent contemplated by the 'rule of unanimity' and 28 U.S.C. § 1446(b)(2)(B)." (*Id.* at 4). Finally, counsel asserts that "Plaintiff concedes in their Motion to Remand, that at the time that the instant removal was filed, [Diamond

and Toshhujaev] had been served via long arm service." (*Id.* at 11). Astonishingly, counsel concludes that, given the long arm service of Diamond and Toshhujaev, he automatically became counsel for these defendants in this suit. (*Id.* at 7-8).[1]

Progressive's now discarded argument that Diamond and/or Toshhujaev were not properly served in this case is baseless. Progressive's own Notice of Removal attaches the affidavits of service and the copies of certified mail receipts mailed to these defendants on April 18, 2022. (Rec. Doc. 1-3 at 12-17). Federal Rule of Civil Procedure 4(e)(1) provides that an individual "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." La. R.S. 13:3204 permits service on a non-resident defendant under its long arm statute by sending a certified copy of the citation and petition via registered or certified mail or by personal delivery to the defendant. "There is no requirement under § 3204 for a signed return receipt." *Dupree v. Torin Jacks, Inc.*, 2009 WL 366332 *2 (W.D. La.) (quoting *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444-45 (La. App. 3 Cir. 2004)). Progressive disputes neither the sufficiency of the certified mail service nor the addresses at which each defendant was served. Moreover, this Court's own research indicates the summonses and complaints were delivered to Diamond and Toshhujaev by certified U.S. Mail as alleged by Robertson.[2]

Considering the foregoing, Progressive fails to rebut Robertson's allegation that its co-defendants were required to file their own individual consents to removal pursuant to 28 U.S.C. §

---

[1]     The docket for this matter shows no enrolled counsel for Diamond and Toshhujaev.

[2]     U.S.P.S. tracking information on tracking no. 70212720000125864160, assigned to service on defendant Toshhujaev available at https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=%2070212720000125864160. USPS Tracking information on tracking no. 70212720000125864177, assigned to service on defendant Diamond available at https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70212720000125864177.

1446.  Jurisprudence directly on point on this issue affirms the requirement that, if counsel for all defendants do not sign the notice of removal, no binding representation of their consent may be accomplished in a single defendant's notice of removal.  Each non-removing defendant must file their own written consent to removal.  *Goldman v. Nationwide Mut. Ins. Co.*, 2011 WL 3268853, *3 (E.D. La.) (citing, *inter alia*, *Getty Oil Corp.*, 841 F.2d at 1262 and *Gillis v. State of Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002)).  In this case, Progressive's Notice of Removal clearly states that Diamond and Toshhuyaev "will be represented by undersigned counsel" when and if they are properly served.  (Rec. Doc. 1 at 2-3).  Thus, counsel for Progressive represents that (1) these defendants are not properly joined to the suit, but if they ever are, (2) he will represent them.  Even if conveyed consent were sufficient absent a separate written filing by each defendant, Progressive's filing would not suffice, as it clearly indicates the assumption of defense has not yet occurred.

To bring the issue full circle, counsel for Progressive contradicts his own prior argument on lack of service without any explanation whatsoever.  (Rec. Doc. 11, generally).  Yet, despite assurances in Progressive's Notice of Removal that it would assume defense of Diamond and Toshhujaev—if and when they are properly joined—no counsel has enrolled on their behalf and, perhaps most troublingly, no answer has yet been filed as to either Diamond or Toshhujaev in the seven months since Robertson filed his Motion to Remand.  Pursuant to Federal Rule of Civil Procedure 12, both Diamond and Toshhujaev are now subject to entry of default judgment.

Progressive's counsel relies heavily on *Bethel v. Nat'l Indem. Ins. Co.*, 2015 WL 5636433 (M.D. La.), to support the argument that his representations about consent suffice to establish Diamond and Toshhujaev's consent.  The Court agrees with Progressive that the circumstances in *Bethel* are similar to those in the instant case in that both cases involved an automobile accident

4

involving a tractor-trailer where the plaintiff sued the trucking company, the truck driver, and the trucking company's liability insurer.[3]  The trucking company and the insurer—but not the truck driver—removed the matter.  The attorneys who removed the matter identified themselves as attorneys for the trucking company, the insurer, *and the truck driver* and signed the notice of removal on behalf of all three defendants.  2015 WL 5636433 at *1.  In denying the plaintiff's motion to remand, the court emphasized that the notice of removal, although technically filed by just the trucking company and the insurer, was signed by the attorneys on behalf of all three defendants.  The notice of removal further included a statement that the truck driver had been informed of the notice of removal and consented to its filing.  *Id*. at *3.

The Court agrees with Robertson that *Bethel* is not analogous to this case.  Progressive's Notice of Removal acknowledges service on Progressive but that "as of the filing of this removal Diamond Cargo Inc. and/or Buzrukhuja Toshhujaev have not received same."  (Rec. Doc. 1 at 2).  In the next paragraph of the same section, Progressive alleges, "Upon information and belief, the remaining Defendants, Diamond Cargo Inc. and/or Buzrukhuja Toshhujaev, have not been served, and therefore removing Defendants submit their consent is not required for removal."  (*Id*.).  As discussed above, the record is clear that these allegations are incorrect.[4]  The same section contains the following allegation:  "However, to the extent their consent is required, which is specifically denied, Diamond Cargo Inc. **and/or** Buzrukhuja Toshhujaev **will be represented** by undersigned counsel, and consent to the filing of the instant removal."  (*Id*. at 3).  On top of the incorrect

---

[3]    An additional insurer, Liberty Mutual, was named as a defendant, but the Notice of Removal included an email from Liberty Mutual's counsel and a Notice of Consent documenting Liberty Mutual's consent to the removal.
[4]    The same allegations are repeated in Section 14.  (Rec. Doc. 1 at 6).  In addition, the Verification attached to the Notice of Removal executed by counsel states that he is counsel for Progressive and was authorized to make the verification by agents of Progressive.  (Rec. Doc. 1-2).  No mention is made of any authorization by Diamond and Toshhujaev.

allegations regarding service, this allegation confuses the matter further.  Will counsel represent Diamond *and* Toshhujaev or will counsel represent Diamond *or* Toshhujaev?  If an attorney-client relationship existed with Diamond and Toshhujaev, service could have been confirmed and thereby obviate the need to represent to the Court "upon information and belief" on two occasions that they had not been served.  (*Id*. at 2-3).  If an attorney-client relationship existed with Diamond and Toshhujaev, the Notice of Removal should have stated that Diamond (through a corporate representative) and Toshhujaev consented to removal and not that "Progressive Casualty Insurance Company submits that they consent to this removal, as they will be represented by undersigned counsel."  (*Id*. at 6).

Such confusion and contradictions were not present in the notice of removal in *Bethel*. "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."  *Fontenot v Union Pac. R.R. Co*., 374 F. Supp. 3d 597, 601 (W.D. La. 2019).  Even though counsel states twice that he will represent Diamond and Toshhujaev, the Notice of Removal was not filed on their behalf, is not clear that Diamond (through a corporate representative) and Toshhujaev himself actually consented to removal, and states that Diamond and Toshhujaev consent to removal while simultaneously specifically denying that their consent is required.  (*See* Rec. Doc. 1 at 3).  "Consent or joinder will not be implied simply because consenting and non-consenting defendants have the same attorney."  *Manzanarez v. Liberty Mut. Fire Ins. Co*., 2019 WL 4010926 at *3 (E.D. La.) (collecting cases).

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff Skye Robertson's Motion to Remand (Rec. Doc. 8) be GRANTED and, accordingly, Robertson's suit be remanded to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 30th day of January, 2023.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**